# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **L.L.**

**No. 21-0846** (Randolph County 20-JA-123)

## MEMORANDUM DECISION

Petitioner Father M.L., by counsel G. Phillip Davis, appeals the Circuit Court of Randolph County's September 23, 2021, order terminating his parental rights to L.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Heather M. Weese, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2020, the DHHR filed a petition alleging that petitioner abused and neglected the child by virtue of his substance abuse. According to the petition, petitioner's home lacked electricity because the bill was not paid, resulting in petitioner using a generator as the sole source of power. The petition also alleged that petitioner exposed the children to domestic violence. The DHHR undertook a thorough investigation of the reports concerning petitioner's conduct, interviewing multiple members of the family. Through this investigation, the child disclosed that people were "in and out of the home at all hours." The child also indicated that petitioner "pawned off their belongings, including things such as laptops, notebooks, televisions, electric scooters and even their swimming pool." A family member confirmed this conduct, stating that items given to petitioner to help the family, including vehicles, had also been "sold off."

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

According to the DHHR, petitioner had not provided for the child in any way. Following the petition's filing, petitioner waived his preliminary hearing.

At the outset of the proceedings, petitioner was ordered to participate in drug screens and was told he could visit the child if his screens were clean. In March of 2021, petitioner was adjudicated upon his stipulation that his substance abuse impaired his ability to parent.[2] Following adjudication, petitioner filed a motion for a post-adjudicatory improvement period, while the DHHR filed a motion to terminate petitioner's parental rights. At a dispositional hearing in April of 2021, respondents informed the court that they did not object to disposition being continued for petitioner to complete a psychological parental fitness evaluation. The evaluation was completed in May of 2021, and the resulting report contained a "very poor" prognosis for improved parenting, given petitioner's refusal to accept responsibility, his extended history of substance abuse, and his failure to obtain appropriate treatment. Thereafter, the DHHR filed an amended motion to terminate petitioner's parental rights.

In September of 2021, the matter came on for disposition, at which time the DHHR presented testimony from the psychologist that performed petitioner's evaluation. According to the psychologist, petitioner failed to acknowledge that his substance abuse resulted in his inability to provide proper parenting. Specifically, the psychologist asked petitioner if he believed that he had done anything that was abusive or neglectful and he replied, "no." This was in spite of the fact that petitioner admitted to having cared for the child while under the influence of drugs. A service provider also testified that petitioner refused to acknowledge that his substance abuse affected his parenting and, in fact, blamed other people for the filing of the petition. According to the provider, petitioner blaming others for his problems was a recurring theme in their interactions. In regard to petitioner's refusal to participate in services, a witness testified that petitioner was initially somewhat compliant with drug screens, but that he had not complied with random screens since May of 2021. When petitioner was submitting to screens, he tested positive for multiple substances, including methamphetamine, amphetamine, and marijuana. Further, one provider described an incident in which she asked petitioner to submit to a drug screen and petitioner "just kept stating that he was not going to do that." Petitioner testified and indicated that he would cooperate with services if granted an improvement period.

Ultimately, the court denied petitioner's motion for a post-adjudicatory improvement period, finding that petitioner "had since November to convince the [c]ourt by his actions instead of his words that he will do what he needs to do." However, petitioner failed to participate in random drug screens for months prior to disposition. Based on the evidence, the court found that petitioner could not meet his burden for obtaining an improvement period. The court also found that petitioner failed to participate in services and "lack[ed] acceptance or insight of any problems, making an improvement period an exercise in futility." Turning to the question of the appropriate disposition, the court found that petitioner demonstrated an inability to solve the problems leading

---

[2]According to the record, the DHHR filed an amended petition in February of 2021 to include allegations that petitioner medically neglected the child and attempted to use a device to defeat a drug screen. However, the DHHR agreed to dismiss this amended petition upon petitioner's stipulation to the allegations contained in the original petition. As such, the amended petition was dismissed.

to the abuse and neglect on his own or with help. Petitioner requested that the child be placed in a legal guardianship, but the court rejected that option upon finding that the uncertainty of such a disposition was not consistent with the child's best interests. Accordingly, the court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for the child's welfare, as she "deserves stability and not the threat and anxiety of a future petition to restore custody to the parents."[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner's lone argument is that termination was inappropriate because he should have been granted an improvement period. This argument, however, is unavailing, as the evidence overwhelmingly establishes that petitioner could not satisfy the burden necessary to obtain an improvement period. In order to establish that a post-adjudicatory improvement period would be appropriate, petitioner was required to prove, by clear and convincing evidence, that he was likely to fully participate in the improvement period. W. Va. Code § 49-4-610(2)(B). As set forth above, the court found that petitioner's self-serving testimony that he would participate was lacking, given his outright refusal to participate in services for several months prior to disposition. This is a credibility determination that we refuse to disturb on appeal. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Further, we have explained that the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Because petitioner refused to acknowledge the conditions of abuse and neglect at issue, he rendered the problems untreatable. *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) ("Failure to acknowledge the existence of the problem . . . results in making the problem untreatable."). As

---

[3]The mother's parental rights were also terminated below. The permanency plan for the child is adoption in the current foster home.

such, we find no abuse of the court's discretion in denying petitioner's motion for a post-adjudicatory improvement period.

Ultimately, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was necessary for the child's welfare, the two findings necessary to terminate parental rights according to West Virginia Code § 49-4-604(c)(6). On appeal, petitioner does not challenge these findings. As such, he cannot be entitled to relief. Further, to the extent that petitioner argues that he should have been entitled to a less restrictive dispositional alternative, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011).

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 23, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: April 14, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment